**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID TOM, individually and on behalf of a class of all persons and entities similarly situated,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-cv-3055-DAE** |
| **RIGHT START MORTGAGE INC. d/b/a GFS HOME LOANS,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant GFS Home Loans, Inc. ("GFS"), formerly known as Right Start Mortgage, Inc.,[1] files this Answer to Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint") filed by David Tom ("Plaintiff"). Unless specifically admitted herein, GFS denies each factual allegation of the Complaint and would respectfully show the Court the following:

## I. GFS' ORIGINAL ANSWER

### Preliminary Statement

1. GFS admits that Congress enacted the Telephone Consumer Protection Act of 1991 and admits that the Complaint correctly quotes two portions of the Act's congressional findings. GFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of the Complaint, which are therefore denied.

2. GFS admits that 47 C.F.R. § 64.1200(c)(2) prohibits telephone solicitations to residential telephone subscribers who have registered their phone number on the national do-not-

[1] GFS is incorrectly named as Right Start Mortgage, Inc. d/b/a GFS Home Loans.

call registry and admits that Plaintiff has correctly quoted *Krakauer v. Dish Network, L.L.C.* GFS denies that the Complaint correctly cites or quotes 16 C.F.R. § 310.4 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Complaint, which are therefore denied.

3. GFS admits that David Tom is the plaintiff and that he has brought this action under the Telephone Consumer Protection Act. GFS denies the remaining allegations in paragraph 3 of the Complaint.

**Parties**

4. GFS admits the allegations in paragraph 4 of the Complaint.

5. GFS admits the allegations in paragraph 5 of the Complaint.

**Jurisdiction & Venue**

6. GFS admits the allegations in paragraph 6 of the Complaint.

7. GFS admits the allegations in paragraph 7 of the Complaint.

8. GFS admits the allegations in paragraph 8 of the Complaint.

**The Telephone Consumer Protection Act**

9. GFS admits that the Complaint correctly quotes the TCPA's congressional findings. GFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of the Complaint, which are therefore denied.

*The National Do Not Call Registry*

10. GFS admits that 47 C.F.R. § 64.1200(c)(2) prohibits telephone solicitations to residential telephone subscribers who have registered their phone number on the national do-not-call registry. GFS denies the remaining allegations in paragraph 10 of the Complaint.

11. GFS admits that the Complaint correctly quotes 47 C.F.R. § 64.1200(c)(2) in paragraph 11 of the Complaint.

12. GFS denies that the Complaint accurately cites or quotes the sources listed and therefore denies the allegations in paragraph 12 of the Complaint.

*The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.*

13. GFS admits that 47 U.S.C. § 64.1601(e) contains the quoted language. GFS denies that the TCPA itself, 47 U.S.C. § 227, imposes the requirement alleged and denies the remaining allegations in paragraph 13 of the Complaint.

14. GFS admits that 47 U.S.C. § 64.1601(e) contains the quoted language. GFS denies the remaining allegations in paragraph 14 of the Complaint.

15. GFS admits that the cited case speaks for itself, but denies that it is binding on this Court or correctly decided, and denies the allegations in paragraph 15 of the Complaint.

*The Texas Business and Commerce Code*

16. GFS admits that the Complaint correctly quotes section 302.001 of the Texas Business and Commerce Code and admits that section 302.101 of the same code requires registration subject to certain exemptions. GFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 of the Complaint, which are therefore denied.

17. GFS admits that § 304.002 (10) of the Texas Business and Commerce Code contains a definition of "telephone call" but denies that the definition governs Section 302 and denies the remaining allegations in paragraph 17 of the Complaint.

18. GFS admits that the cited section places the burden of proof for an exemption on the person claiming the exemption. GFS denies the remaining allegations in paragraph 18 of the Complaint.

19. GFS denies the allegations in paragraph 19 of the Complaint.

20. GFS admits that it is not registered with the Texas Secretary of State as alleged but denies the remaining allegations in paragraph 20 of the Complaint, including denying that it is required to so register.

**Factual Allegations**

21. GFS admits the allegations in paragraph 21 of the Complaint.

22. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint, which are therefore denied.

23. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint, which are therefore denied.

24. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint, which are therefore denied.

25. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint, which are therefore denied.

26. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint, which are therefore denied.

27. GFS denies that it called Plaintiff from telephone number (786) 931-0712, including on September 8, 2025, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the Complaint, which are also therefore denied.

28. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, which are therefore denied.

29. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint, which are therefore denied.

30. GFS denies that it called Plaintiff "again," but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Complaint, which are also therefore denied.

31. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint, which are therefore denied.

32. GFS denies the allegations in paragraph 32 of the Complaint.

33. GFS denies the allegations in paragraph 33 of the Complaint.

34. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint, which are therefore denied.

35. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint, which are therefore denied.

36. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint, which are therefore denied.

37. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint, which are therefore denied.

38. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint, which are therefore denied.

39. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint, which are therefore denied.

40. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint, which are therefore denied.

41. GFS denies the allegations in paragraph 41 of the Complaint.

42. GFS denies that it made at least two calls to Plaintiff, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 42 of the Complaint, which are also therefore denied.

43. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint, which are therefore denied.

44. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint, which are therefore denied.

45. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint, which are therefore denied.

46. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint, which are therefore denied.

47. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint, which are therefore denied.

48. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint, which are therefore denied.

49. GFS denies the allegations in paragraph 49 of the Complaint.

50. GFS denies that its conduct harmed Plaintiff, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 of the Complaint, which are also therefore denied.

## Class Action Statement

51. Paragraph 51 of the Complaint does not require a response. However, to the extent this Court requires a response, GFS fully incorporates herein its responses to the preceding paragraphs and denies any remaining allegations in paragraph 51 of the Complaint.

52. GFS admits that Plaintiff brings this action. GFS lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 52 of the Complaint, which are therefore denied.

53. GFS denies the allegations in paragraph 53 of the Complaint.

54. GFS denies the allegations in paragraph 54 of the Complaint.

55. GFS admits that the purported class is so defined but denies that any class is proper or certifiable and so denies the allegations in paragraph 55 of the Complaint.

56. GFS denies the allegations in paragraph 56 of the Complaint.

57. GFS admits that the Complaint seeks injunctive relief and money damages but denies that Plaintiff or any purported class member is entitled to such relief and denies any remaining allegations in paragraph 57 of the Complaint.

58. GFS denies the allegations in paragraph 58 of the Complaint.

59. GFS denies the allegations in paragraph 59 of the Complaint.

60. GFS denies the allegations in paragraph 60 of the Complaint.

61. GFS denies the allegations in paragraph 61 of the Complaint.

62. GFS denies the allegations in paragraph 62 of the Complaint.

63. GFS denies the allegations in paragraph 63 of the Complaint.

64. GFS denies the allegations in paragraph 64 of the Complaint.

65. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint as to Plaintiff's counsel, which are therefore denied, and denies the allegations as to the purported classes.

66. GFS denies the allegations in paragraph 66 of the Complaint.

67. GFS denies the allegations in paragraph 67 of the Complaint.

68. GFS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Complaint, which are therefore denied.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

69. Paragraph 69 of the Complaint does not require a response. However, to the extent this Court requires a response, GFS fully incorporates herein its responses to the preceding paragraphs and denies any remaining allegations in paragraph 69 of the Complaint.

70. GFS denies the allegations in paragraph 70 of the Complaint.

71. GFS denies the allegations in paragraph 71 of the Complaint.

72. GFS denies the allegations in paragraph 72 of the Complaint.

73. GFS admits that Plaintiff seeks injunctive relief but denies the remaining allegations in paragraph 73 of the Complaint.

## SECOND CAUSE OF ACTION

**Violations of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Telemarketing Caller ID Class)**

74. Paragraph 74 of the Complaint does not require a response. However, to the extent this Court requires a response, GFS fully incorporates herein its responses to the preceding paragraphs and denies any remaining allegations in paragraph 74 of the Complaint.

75. GFS denies the allegations in paragraph 75 of the Complaint.

76. GFS denies the allegations in paragraph 76 of the Complaint.

77. GFS denies the allegations in paragraph 77 of the Complaint.

78. GFS denies the allegations in paragraph 78 of the Complaint.

79. GFS denies the allegations in paragraph 79 of the Complaint.

80. GFS denies the allegations in paragraph 80 of the Complaint.

81. GFS denies the allegations in paragraph 81 of the Complaint.

## THIRD CAUSE OF ACTION

**Violations of the Texas Business and Commerce Code § 302.101**
**(On behalf of Plaintiff and the Texas Business and Commerce Code Class)**

82. Paragraph 82 of the Complaint does not require a response. However, to the extent this Court requires a response, GFS fully incorporates herein its responses to the preceding paragraphs and denies any remaining allegations in paragraph 82 of the Complaint.

83. GFS denies the allegations in paragraph 83 of the Complaint and specifically denies that it is required to register under Section 302 of the Texas Business and Commerce Code.

84. GFS denies the allegations in paragraph 84 of the Complaint.

85. GFS denies the allegations in paragraph 85 of the Complaint.

## PRAYER FOR RELIEF

86. GFS denies that Plaintiff or the purported classes are entitled to any form of relief and denies the allegations in the Complaint's Prayer for Relief.

## JURY DEMAND

87. GFS admits that Plaintiff has made a jury demand in the Complaint.

## II. GFS'S DEFENSES, AFFIRMATIVE DEFENSES, AND OTHER RESPONSES

86. Without assuming the burden of proof other than as required by law, GFS asserts the following defenses, affirmative defenses, and/or other responses to Plaintiff's claims:

87. Plaintiff has failed to state a claim upon which relief may be granted.

88. Plaintiff has failed to mitigate his alleged damages, if any.

89. Plaintiff's claims are barred, in whole or in part, to the extent the doctrine of collateral estoppel is applicable.

90. Plaintiff's claims, and the claims of any putative class member, are barred, in whole or in part, to the extent Plaintiff or any putative class member provided consent, including prior

express invitation or permission under 47 C.F.R. § 64.1200(c)(2)(ii), to be contacted, or waived any claim arising from such contact.

91. To the extent Plaintiff seeks injunctive or equitable relief, such relief is barred, in whole or in part, by the doctrines of unclean hands, equitable estoppel, quasi-estoppel, and/or estoppel by benefit, including to the extent Plaintiff invited, solicited, or prolonged the calls at issue for the purpose of manufacturing a claim.

92. Plaintiff's claims are barred, in whole or in part, because his own acts, omissions, negligence or fault caused or contributed to his injuries, if any.

93. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff solicited, invited, or engaged with the calls at issue, or misrepresented his identity, interest, or consent, for the purpose of generating TCPA or Texas statutory claims.

94. Plaintiff cannot meet the prerequisites, statutory or otherwise, to certify a class.

95. Plaintiff's claims are barred, in whole or in part, to the extent any call at issue was made to a person with whom GFS had an established business relationship.

96. At all times, GFS adhered to the provisions of the TCPA, and any related statutes, acted in good faith, and has reasonable grounds for believing its actions were not in violation of any law, rule, regulation, guideline or policy, and is therefore entitled to the TCPA's safe harbor provisions.

97. GFS further asserts that the occurrences and damages made the basis of this lawsuit were proximately caused by the acts and omissions of a third person or persons or party or parties over whom GFS had no control or right of control at the time of the occurrence or damages in question, and such conduct was the proximate or sole proximate cause of any injuries or damages to the Plaintiff, if any.

98. GFS further asserts that it cannot be held vicariously liable for any call made by any third party due to the lack of an agency relationship or apparent authority.

99. GFS specifically denies that it acted with willfulness, knowledge, or malice toward Plaintiff.

100. GFS denies that it is required to register with the Texas Secretary of State under Section 302 of the Texas Business and Commerce Code.

101. Plaintiff's claims are barred, in whole or in part, because GFS is exempt from Section 302 of the Texas Business and Commerce Code as a supervised financial institution under Section 302.053(4), and in the alternative, under any other appliable exemption in Subchapter B of Section 302, including any exemption available to a mortgage company or residential mortgage loan originator licensed or registered under the Texas Finance Code.

102. Plaintiff's claims fail because Plaintiff did not receive more than one telephone call within any 12-month period by or on behalf of GFS, as 47 U.S.C. § 227(c)(5) requires.

103. Plaintiff and the putative class members lack standing to the extent they did not suffer a concrete and particularized injury fairly traceable to GFS.

104. In addition to the foregoing defenses, Plaintiff's claims, and the claims of any alleged putative class member, may be subject to additional defenses, which may become apparent in the course of discovery. GFS reserves the right to seek amendment of this answer as may be necessary in the future.

## III. PRAYER

WHEREFORE, Defendant GFS Home Loans, Inc. f/k/a Right Start Mortgage, Inc. requests that Plaintiff David Tom's claims against it be dismissed; that Plaintiff take nothing; and that GFS be awarded its costs and such other relief to which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER LLP

/s/ Dawn S. Holiday

DAWN S. HOLIDAY
*Attorney-in-Charge*
Texas Bar No. 24046090
dholiday@jw.com
SHANNON M. WRIGHT
Texas Bar No. 24131783
swright@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Tel.: 713-752-4217
Fax: 713-752-4221

**ATTORNEYS FOR DEFENDANT GFS HOME LOANS, INC. F/K/A RIGHT START MORTGAGE, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on November 20, 2026, to the following:

Andrew Roman Perrong
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067

/s/ Dawn S. Holiday
DAWN S. HOLIDAY